UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| TARYN BRIDGWATERS,<br>        Plaintiff,<br><br>              v.<br><br>BURNS and MIKE BAKER,<br>        Defendants. | CAUSE NO.: 3:23-CV-896-TLS-JEM |

**OPINION AND ORDER**

Taryn Bridgwaters, a prisoner without a lawyer, filed a complaint. ECF No. 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (cleaned up). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Bridgwaters alleges that, as she was being detained at a Mobile gas station, Mike Baker was taking her blanket, shirt, wallet, and tablet. She told South Bend Police Officer Burns that Baker was taking her stuff, but the officer did nothing more than ask him if he had anything and did not physically check him. She sues Mike Baker and Officer Burns, asking that they replace the items that were taken.

A claim under 42 U.S.C. § 1983 requires that the plaintiff allege she was deprived of a federal right by a person acting under color of state law *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *Hanson v. LeVan*, 967 F.3d 584, 597 (7th Cir. 2020). "The under-color-of-state-law element means that § 1983 does not permit suits based on private conduct, no matter how discriminatory or wrongful." *Spiegel v. McClintic*, 916 F.3d 611, 616 (7th Cir. 2019) (internal

quotation marks and citation omitted). Here, it appears that Mike Baker is a private citizen, not a state actor. Therefore, he cannot be sued directly under § 1983.

A private citizen can be sued under § 1983 if he conspires with a state actor, such as a police officer, to deprive a person of a federal right. *Spiegel*, 916 F.3d at 616. This requires allegations of a "concerted effort" between a state actor and the individual to violate the constitutional rights of the plaintiff. *Id*. But here, there is no indication that Mike Baker and Officer Burns worked together to deprive Bridgwaters of her property. Rather, it appears that Officer Burns simply did not intervene to stop the alleged theft of her property. She has no right to demand a police investigation or that he intervene to prevent a crime. "There is no affirmative duty on police to investigate." *Whitlock v. Brueggemann*, 682 F.3d 567, 588 (7th Cir. 2012) (citing *Town of Castle Rock v. Gonzales*, 545 U.S. 748 (2005)); *see also Rossi v. City of Chicago*, 790 F.3d 729, 735 (7th Cir. 2015) ("We note at the outset that Rossi does not have a constitutional right to have the police investigate his case at all, still less to do so to his level of satisfaction.").

Finally, even if Officer Burns acted intentionally or negligently to deprive Bridgwaters of her property after her arrest, she could not proceed against him in a claim under § 1983. The Fourteenth Amendment provides that state officials shall not "deprive any person of life, liberty, or property, without due process of law." But, a state tort claims act that provides a method by which a person can seek reimbursement for the negligent loss or intentional depravation of property meets the requirements of the due process clause by providing due process of law. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) ("For intentional, as for negligent deprivations of property by state employees, the state's action is not complete until and unless it provides or refuses to provide a suitable post deprivation remedy."). Indiana's tort claims act (Indiana Code § 34-13-3-1 *et seq*.) and other laws provide for state judicial review of property losses caused by

2

government employees and provide an adequate post deprivation remedy to redress state officials' accidental or intentional deprivation of a person's property. *See Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001) ("Wynn has an adequate post-deprivation remedy in the Indiana Tort Claims Act, and no more process was due.")

This complaint does not state a claim for which relief can be granted. If Bridgwaters believes she can state a claim based on (and consistent with) the events described in this complaint, she may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, she needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from her law library. She needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after she properly completes the form.

For these reasons, the Court:

(1) GRANTS Taryn Bridgwaters until **March 20, 2024**, to file an amended complaint; and

(2) CAUTIONS Taryn Bridgwaters if she does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on February 15, 2024.

s/ Theresa L. Springmann  
JUDGE THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT